## Case No. 13,571.

STURGESS v. BANK OF CLEVELAND.

[3 McLean, 140;[1] 1 West. Law J. 207.]

Circuit Court, D. Ohio. Dec. Term, 1842.

JUDGMENT—LIEN—WHEN IN EFFECT—MORTGAGE—RECORD—OHIO STATUTE.

1. A judgment has relation to the first day of the term, and from that time constitutes a lien on the lands of the defendant, which lie within the jurisdiction of the court.

[Cited in Norfolk State Bank v. Murphy, 40 Neb. 735, 59 N. W. 709.]

2. A mortgage, under the act of 1831, takes effect only from the time it is left for record.

3. The statute makes the recording of the mortgage a part of its execution.

4. The mortgage first recorded, will create a paramount lien to one of prior date, which has not been recorded.

5. The peculiar provisions of the statute, would seem to preclude an equitable mortgage, which had not been first recorded.

At law.

Swayne & Payne, for the lessor of plaintiff.
Mr. Andrews, for defendant.

BY THE COURT. The fee to the land in controversy being vested in one Vantine, he mortgaged it to the defendants on the 8th of June, 1839. The mortgage was left for record the 2d of July following. Vantine still continued to occupy the premises, after the mortgage, under a lease from the defendants. At July term, 1839, Sturgess obtained a judgment in this court against Vantine for $3,820. The court commenced on the first day of the month. An execution was issued on the judgment, which being levied on the premises in dispute, was sold to Sturgess, who holds the marshal's deed. At the time the judgment was entered, there was no notice of the mortgage, but plaintiff's counsel had notice of it before the levy and sale.

On this statement of facts, the question arises, which of the parties have the prior lien. The 7th section of the act relating to the recording of deeds, of the first of June, 1831, provides. "that all mortgages executed agreeably to the provisions of this act, shall be recorded, &c. and shall take effect from the time when the same are recorded. And if two or more mortgages are presented for record on the same day, they shall take effect from the order of presentation for record; the first presented shall be the first recorded, and the first recorded shall have preference." [Laws 1831, vol. 29, p. 348.] This statute introduces a new principle as to mortgages. Prior to it, the recording of a mortgage operated only as a notice to subsequent purchasers, but under the statute the mortgage takes effect only from the time it is recorded. Before this, the instrument has no validity as a mortgage. This is controverted by the defendant's counsel,

who insists that such an instrument may take effect, as an equitable mortgage, before it is recorded. That even where a mortgage is defectively executed, still it may create an equitable lien against a subsequent purchaser with notice. And that an unrecorded mortgage, under the above statute, must at least be considered of equal validity to one defectively executed.

The case of Bank of Muskingum v. Carpenter, 7 Ohio, 21, which was in chancery, arose on a mortgage, dated in 1816, which had but one witness, the statute requiring two; but being prior to the judgment, under which a lien was asserted, was held to create a prior and equitable lien. The act of 1831 could have had no effect upon that instrument. In Magee v. Beatty, 8 Ohio, 396, which was also in chancery, the question was raised whether a mortgage of a date prior to the judgment, though not recorded, created a paramount lien. The mortgage was left for record with the recorder before the judgment, and the judges divided on the point whether that, under the act of 1831 created a lien. In 1838 an act [Gen. Laws Ohio, vol. 36, p. 62] was passed declaring that the lien commenced, under the act of 1831, from the time the deed was left for record. This, in the opinion of the two judges who gave a different construction to that act, removed the difficulty. If the declaratory act gave a different construction to the act of 1831, from that which its words required; and created a lien under that act which did not before exist, it is very clear that effect could only be given to the declaratory act from its passage. But there would seem to be little doubt that the true construction of the act of 1831, created a lien from the time the deed was left for record. In doing this the mortgagee did all he could do, and all the law required of him, to constitute notice.

In this case the judgment, having relation to the first day of the term, created a prior legal lien to the mortgage, which was left for record the day after, and the question is whether the mortgage having been signed some days prior created an equitable lien. At the time the judgment was entered the plaintiff had no notice of the mortgage, but he had notice before the levy and sale. The act of 1831 declares that the mortgage "shall take effect from the time it shall be recorded." It cannot, therefore, as a mortgage, take effect before it is recorded. And if the effect depends upon the recording of the instrument, the recording of it is a part of its execution. That the legislature have the power to prescribe the form of a deed, and say when it shall take effect, is undoubted. This view excludes the notion that an unrecorded mortgage may create an equitable lien, under the above act. The act declares that the mortgage "first presented shall be first recorded, and the one first recorded shall have preference." Now suppose the

junior mortgage shall be first presented and recorded, shall it not have the preference? The statute so provides, and this excludes any equitable lien under the mortgage prior in date, but not recorded. There would seem to be no fallacy in this construction of the act.

The case of Lake v. Doud, 10 Ohio, 415, it is insisted is in opposition to this construction. It is true the court in that case say, "this although not a legal, is an equitable mortgage, and may be enforced in equity; and will be preferred when of prior date to a subsequent judgment." And the court refer to the above cited case of Bank of Muskingum v. Carpenter as sustaining the position stated. Now on general principles this view is correct, but it is not sustainable under the act of 1831. And the court seem not to have adverted to the peculiar provisions of that act. But the case did not turn on that point. The deed which was set up against the mortgage the court say, "could not have been executed in good faith, and that it was fraudulent and void as to creditors and subsequent purchasers."

There is no difference between a general and special lien, which can affect this question. Equity, in a proper case, would direct a prior general lien to be first asserted against any property not included in the special lien, in order that both liens might be satisfied. A general lien is a charge on all the real estate of the party, and a special lien only on the part specified. Each lien is equally good from its date, and no other preference except that which rises from priority can be given.

In the case under consideration, the judgment having been entered one day before the mortgage was left for record, has the prior and paramount lien. Judgment for the lessor of the plaintiff.

[NOTE. In 1840 the Bank of Cleveland was plaintiff in a bill of equity against Sturgess and others to enjoin the latter from selling on execution the property of Vantine in satisfaction of the judgment obtained against Beebee. Vantine, and others. The application for an injunction was overruled. Case No. 861.]